**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5203**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRENE SHERMAN GRIFFIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-04-16-H)

---

Submitted:  June 22, 2006          Decided:  August 2, 2006

---

Before KING, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyrene Griffin appeals from the 188-month sentence imposed in the Eastern District of North Carolina on his separate convictions of being a felon in possession of a firearm and a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). He contends that his classification as an armed career criminal under the Armed Career Criminal Act (the "ACCA") was made in error because (1) he did not have three predicate convictions for violent felonies or serious drug offenses that had been "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), and (2) in concluding to the contrary, the sentencing court engaged in improper fact-finding, in contravention of his Sixth Amendment rights. As explained below, we reject Griffin's contentions and affirm.

I.

In August 2003, Detective Linwood Mercer of the Williamston (North Carolina) police received information that Griffin was selling crack cocaine from his residence. On August 29, 2003, Mercer executed a search warrant that authorized the search of both Griffin and his Williamston residence. In addition to seizing crack cocaine, marijuana, and drug paraphernalia in the search, Mercer recovered a 9-millimeter handgun with an obliterated serial number and fourteen rounds of .38 special Winchester ammunition.

2

On February 19, 2004, a grand jury returned a two-count indictment against Griffin, charging him with being a felon in possession of a firearm (Count One) and a felon in possession of ammunition (Count Two), both in contravention of 18 U.S.C. § 922(g). The indictment specified that Griffin possessed the firearm and ammunition after "having been convicted of a crime punishable by imprisonment for a term exceeding one year." J.A. 6.[1] Griffin thereafter pleaded guilty to both counts of the indictment, without the benefit of a plea agreement. During his Rule 11 plea hearing, Griffin admitted that he had possessed the handgun and the ammunition as alleged, and that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

On October 26, 2005, the probation officer submitted to the district court his final presentence report ("PSR") on Griffin, which indicated, inter alia, that Griffin had been previously indicted in the Martin County (North Carolina) Superior Court on three counts of "Statutory Rape and Indecent Liberties." According to the PSR, these three charges arose from alleged sexual contact that Griffin had with a fourteen-year-old girl in March 2002 and May 2002, and again on April 22, 2003. The PSR indicated that, on July 18, 2003, Griffin pleaded guilty in Martin County to three

_____

[1]Citations herein to "J.A. ___" refer to the contents of the Joint Appendix in this appeal.

3

North Carolina offenses of "Indecent Liberties With a Child" (the "sex offense convictions"). The PSR further reflected that its information regarding the sex offense convictions was derived from unspecified "court records." J.A. 48-49.

With respect to Griffin's felon-in-possession convictions in this case, the PSR recommended a base offense level of 26. Relying on the three previous sex offense convictions in Martin County, however, the PSR concluded that Griffin was an armed career criminal under the ACCA, and it thus set his base offense level at 34 and placed him in criminal history category VI. See USSG § 4B1.4 (2004). The PSR recommended a three-level reduction for acceptance of responsibility, see id. § 3E1.1, resulting in a total offense level of 31 and a Guidelines sentencing range of 188 to 235 months.[2]

Griffin filed an objection to the PSR, contending that he was not an armed career criminal. Specifically, he maintained that the sex offense convictions were not for offenses committed on separate occasions, but for "a continuous course of consensual conduct with the same victim." J.A. 56. The court overruled his objection, however, and sentenced him to two concurrent 188-month terms of imprisonment. This sentence complied with the mandatory minimum

---

[2]The parties agree that, in the absence of the ACCA enhancement, Griffin's total offense level would have been 23, and his criminal history category would have been IV, resulting in a Guidelines sentencing range of 70 to 78 months.

sentence of 180 months imprisonment prescribed by the ACCA, see 18 U.S.C. § 924(e)(1), but it was more than the 120-month maximum provided for in his statute of conviction, absent the ACCA enhancement, see id. § 924(a)(2). Griffin has timely noted an appeal of his sentence, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

II.

In this appeal, Griffin makes two contentions concerning his sentence: (1) that the district court erred in determining that his three previous sex offense convictions were for crimes "committed on occasions different from one another," see 18 U.S.C. § 922(e)(1); and (2) that the court had unconstitutionally enhanced his sentence beyond the maximum authorized by the statute of conviction, on the basis of judicially-found facts derived from unspecified "court records." We assess these contentions in turn.

A.

The district court's conclusion that Griffin's previous convictions were for crimes committed on occasions different from one another is a question of law that we review de novo. United States v. Hobbs, 136 F.3d 384, 387 (4th Cir. 1998). The ACCA mandates a minimum sentence of 180 months if a felon in possession of a firearm or ammunition has "three previous convictions . . .

5

for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Under our precedent, two offenses have occurred on occasions different from one another if they arose out of "separate and distinct criminal episode[s]," each of which is "isolated with a beginning and an end." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995).

Griffin does not contend that his three previous sex offense convictions were not violent felonies for the purposes of 18 U.S.C. § 924(e)(1), but maintains that his previous convictions were for crimes that did not occur on occasions different from one another. In his view, his earlier sex offenses were part and parcel of a "continuous course of consensual conduct." Unfortunately for Griffin, we rejected a similar contention in Letterlough. There, we concluded that the defendant's two drug transactions with the same person an hour-and-a-half apart were "not part of a continuous course of criminal conduct," but had been committed on occasions different from one another. See Letterlough, 63 F.3d at 337 (alterations omitted). In so ruling, we observed that, if an accused completed a criminal act, had time "to make a conscious and knowing decision to engage in" another criminal act, and then chose "to engage in another separate and distinct criminal transaction," the two crimes had occurred on occasions different from one another. Id. Each of Griffin's previous sex offense convictions

6

arose from a separate and distinct criminal episode: an act of sexual contact that could be isolated with a beginning and an end. Moreover, Griffin committed his sex offenses in March 2002 and May 2002, and again on April 22, 2003. Griffin thus had sufficient time to make a "conscious and knowing decision" before engaging in each subsequent offense.

In contending that his previous convictions were not for offenses that occurred on occasions different from one another, Griffin raises the factors for "separate-and-distinct" offenses spelled out in Letterlough and revisited by us in Hobbs. In both cases we recognized that, "[i]n engaging in this separate-and-distinct analysis, sentencing courts consider (i) whether the offenses occurred in different geographic locations; (ii) whether the offenses were substantively different; and (iii) 'whether the offenses involved multiple victims or multiple criminal objectives.'" Hobbs, 136 F.3d at 388 (citing Letterlough, 63 F.3d at 335-36).

Griffin suggests that his previous offenses did not occur on different occasions because none of the foregoing factors are satisfied. The factors spelled out in Letterlough and Hobbs, however, are not dispositive; rather, they simply aid a sentencing court when "the factual permutations surrounding the ACCA . . . create havoc." Letterlough, 63 F.3d at 335. Specifically, the sentencing courts have applied these factors "where defendants

7

have claimed that their prior criminal acts took place on one occasion because they were committed within an extremely short time span." Id. at 336-37 (concluding that two drug transactions more than an hour apart occurred on occasions different from one another); see also Hobbs, 136 F.3d at 387 n.5, 389-90 (assuming for purposes of appellate review that three burglaries occurred within an hour of each other and concluding they had occurred on occasions different from one another). Griffin, however, does not contend that his previous sex offense convictions were for crimes committed during an extremely short time span. Instead, he maintains they were part of a "continuous course of consensual conduct," which took place over an extended period of time. Because the timing of Griffin's previous offenses is a dispositive point, we need not look to and analyze separately the factors specified in Letterlough and Hobbs. In these circumstances, the district court did not err in concluding that Griffin's three previous convictions arose from offenses that occurred on occasions different from one another. His challenge to his armed career criminal classification on this basis is thus without merit.

### B.

Griffin next contends that the district court contravened his Sixth Amendment rights by enhancing his sentence on the basis of judicially-found facts. Because Griffin has raised this issue for

the first time on appeal, we review it for plain error only. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). While Griffin was sentenced under the advisory Guidelines regime, his actual sentence — 188 months — was greater than the maximum sentence authorized by the statute of conviction. <u>See</u> 18 U.S.C. § 924(a)(1) (authorizing maximum sentence of 120 months imprisonment). The court justified the imposition of a 188-month sentence by its finding that Griffin possessed three previous convictions for violent felonies, <u>see</u> <u>id.</u> § 924(e)(1) (requiring mandatory minimum sentence of 180 months for armed career criminal under ACCA), and Griffin asserts that this enhancement contravenes the Sixth Amendment.

Generally, as the Supreme Court held in its <u>Apprendi</u> and <u>Booker</u> decisions, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000); <u>accord</u> <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005). If such a fact is one of a prior conviction, however, a sentencing court is entitled to make a relevant finding of fact. <u>See</u> <u>Apprendi</u>, 530 U.S. at 490; <u>Booker</u>, 543 U.S. at 244. Nevertheless, the Sixth Amendment limits the sources on which a sentencing court may rely in finding facts relating to prior convictions. <u>United States v. Allen</u>, 446 F.3d 522, 531 (4th Cir. 2006). In finding such facts, a sentencing

9

court may look only to "'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record.'" Id. (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)).

The evidence concerning Griffin's sex offense convictions came from unspecified "court records" referenced in his PSR. And the PSR failed to indicate whether those "court records" were judicial records like those referred to in Shepard and Allen. In United States v. Thompson, however, we held that "[t]he trial judge [is] entitled to rely upon the PSR" to find prior convictions when "it bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from his prior convictions," and when a defendant fails to raise "the slightest objection either to the propriety of its source material or to its accuracy." 421 F.3d 278, 285 (4th Cir. 2005). Griffin's PSR bore the obvious earmarks of derivation from Shepard-approved sources. That is, the facts regarding his convictions (dates of commission and statutory violations) were the type normally found in a Shepard-approved source, see id. at 282-83, and the PSR indicated that the facts were gleaned from "court records." Moreover, Griffin failed to object "to the propriety of [the PSR's] source material or to its accuracy," see id. at 285; rather he objected only to the conclusion that his prior convictions arose from

10

offenses committed on occasions different from one another. <u>Thompson</u> thus constrains us to conclude that the district court was "entitled to rely upon the PSR," <u>id.</u>, and it committed no Sixth Amendment error in so doing. Griffin therefore cannot show that the district court plainly erred in its findings concerning his previous convictions.[3] This aspect of his appellate contentions thus also fails.

### III.

Pursuant to the foregoing, we affirm Griffin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid in the decisional process.

<u>AFFIRMED</u>

---

[3]Griffin also argues that the three sex offense convictions should have either been alleged in the indictment or admitted by him in his plea colloquy. Griffin's contention on this point, however, is foreclosed by our ruling in <u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir. 2005) (holding that "the Sixth Amendment . . . does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt").