**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4182**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEO HINSON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Norman K. Moon, District Judge. (4:02-cr-60025-1)

─────────────

Submitted:  July 25, 2007          Decided:  August 3, 2007

─────────────

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Craig P. Tiller, FREEMAN, DUNN, ALEXANDER & TILLER, P.C., Lynchburg, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leo Hinson was convicted of: solicitation to commit murder (Count 1), attempted murder of a government witness (Count 2), witness tampering by attempted murder (Count 3), retaliating against government witness by attempted murder (Count 4), conspiracy to murder government witness (Count 5), and possession of a firearm by a convicted felon (Count 6). He was sentenced to 293 months of imprisonment, the top of his Sentencing Guidelines range of 235-293 months.

On appeal, we affirmed Hinson's convictions, but vacated and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Cardwell, 433 F.3d 378, 391-93 (4th Cir. 2005), cert. denied, 547 U.S. 1061 (2006). On remand, the district court heard arguments regarding the factors listed in 18 U.S.C.A. § 3553 (West 2000 & Supp. 2007), understood that the Sentencing Guidelines were advisory only, determined that the recommendations in the original presentence report ("PSR") were correct, and again sentenced Hinson to 293 months of imprisonment.

Hinson timely appeals, alleging that the district court erroneously calculated his offense level at resentencing. We review a district court's factual findings at sentencing for clear error and its legal conclusions, including its interpretation and application of the Sentencing Guidelines, de novo. United

States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).  We find no reversible error in the calculation of Hinson's sentence.

We review a post-Booker sentence to determine whether the sentence is within the statutorily prescribed range and is reasonable.  United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  In a post-Booker sentencing, a court must calculate the advisory Sentencing Guidelines range and then consider whether that range serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  A sentence within a properly-calculated advisory Sentencing Guidelines range is presumptively reasonable.  United States v. Johnson, 445 F.3d 339, 341-44 (4th Cir. 2006).  A defendant can only rebut the presumption of reasonableness by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).  We find the district court's sentence was not unreasonable and Hinson has failed to rebut the presumption of correctness.  The Supreme Court has recently held that such an appellate presumption is permitted.  Rita v. United States, 127 S. Ct. 2456, 2462-67 (2007).

Accordingly, we affirm Hinson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED