**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4224**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY F. PERRIN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.  Robert C. Chambers, District Judge.  (6:06-cr-00073)

_____

Submitted:  August 8, 2007       Decided:  August 20, 2007

_____

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Travis E. Ellison, III, LAW OFFICES OF JOHN R. MITCHELL, L.C., Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey F. Perrin pled guilty pursuant to a plea agreement to tax evasion in violation of 26 U.S.C. § 7201 (2000) and was sentenced to fifteen months in prison. Perrin argues the district court erred in increasing his offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1 (1998). Perrin alleges that because the district court did not determine his criminal activity involved five or more participants and because it was allegedly error for the district court to consider his check-kiting activity in determining whether his criminal activity was "otherwise extensive," § 3B1.1 should not have been applied to his offense level. Perrin also argues the district court erred in applying § 3B1.1 to his offense level because there was no evidence in the record establishing he was a manager or supervisor of the offense for which he was convicted. Finding no such error, we affirm Perrin's sentence.

"In assessing a challenge to a sentencing court's application of the Guidelines, [this Court] review[s] the [district] court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire [record] is left with the definite and firm conviction

that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

A three-level enhancement for the defendant's role in the offense is appropriate when "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). Such an enhancement requires, at a minimum, that the defendant was the manager or supervisor "of one or more other participants." USSG § 3B1.1, comment. (n.2); United States v. Bartley, 230 F.3d 667, 673 (4th Cir. 2000) ("[T]he enhancement is justified if the defendant managed or supervised the activities of at least one other person in a scheme that involved five or more participants."). Moreover, in determining whether the criminal activity was "otherwise extensive," the district court must consider all relevant conduct as defined by USSG § 1B1.3, and "not [make its determination] solely on the basis of elements and acts cited in the count of conviction." USSG Ch.3, Pt. B, intro. comment. (1998).

Perrin incorrectly states that the district court failed to find that five or more participants were involved in the criminal activity for which he was convicted. To the contrary, the district court explicitly stated that it believed "the probation officer has correctly ascertained that five or more persons were participants in [the tax evasion] activity." Although the district

court went on to determine that, "even if [the activity] did not involve five or more participants . . . the Court would find that it was otherwise extensive" under § 3B1.1(b), the court never stated that the first prong of § 3B1.1(b) had not been met. Accordingly, even if the district court had erred in finding the criminal activity was "otherwise extensive," application of the enhancement would nonetheless be appropriate based on the number of participants involved. See USSG § 3B1.1(b) (providing that criminal activity must involve five or more participants *or* be "otherwise extensive").

Perrin again misstates the record by arguing the district court incorrectly determined that the criminal activity in which he engaged was "otherwise extensive" under § 3B1.1(b) because the district court inappropriately considered check-kiting activity as part of the relevant conduct for that determination. Again, the district court explicitly concluded that, "even if you take out the check-kiting, the Court believes that it was otherwise extensive." Contrary to Perrin's assertions, the district court found that Perrin "continued to solicit funds and to use those funds obtained for these different corporations for a variety of purposes knowing that they had tax liability, admitting that the tax liability had not been paid, and yet directing that others not use the resources of the company to pay the taxes."

The district court also found that Perrin "went to the trouble of obtaining a bank loan. Again that was supposed to be used for paying taxes. He didn't do that, directed that it not be used for that purpose." It was on this basis that the district court found the criminal activity in which Perrin engaged to be "otherwise extensive." Accordingly, we reject Perrin's argument that the district court's findings were tainted by inappropriate consideration of Perrin's check-kiting activity.

Finally, Perrin claims the district court erred by applying USSG § 3B1.1 to his offense level because there was no evidence he exercised decision-making authority over the tax evasion activity and because the activities upon which the district court relied to support its finding of his managerial role were inherent to his job. We conclude the district court correctly found Perrin's activity qualified him as a manager or supervisor of the tax evasion scheme for which he was convicted.

The PSR as adopted by the district court indicated that in his management-level roles within the companies, Perrin supervised employees who could have written checks to pay the companies' tax liabilities, and even personally directed employees not to pay the tax liabilities because, as he misrepresented, he was negotiating payment with the IRS. Moreover, although Perrin claims he was ordered by the companies' owner not to pay the companies' taxes, Perrin was in a position in which he could have,

had he so desired, directed payment of the companies' tax liabilities. In fact, although Perrin obtained a loan to pay the companies' tax liabilities, Perrin failed to pay the taxes with these proceeds and instead diverted the money elsewhere.

Moreover, the plea agreement to which Perrin agreed explicitly states that Perrin obtained a loan on behalf of Excel "of which proceeds approximately $95,000 was to be used ostensibly for payment of federal trust fund taxes then due and owing . . . [and that] Perrin failed to pay and directed others not to pay." The plea agreement also stipulates that Perrin was in a high enough position to actually inform an IRS agent that he was in negotiations with another IRS official to reduce the amounts due and owing by Excel, "which statement he then and there well knew to be false." Because the activities to which Perrin admitted he engaged meet the requirements of a manager or supervisor under USSG § 3B1.1(b), cf. Bartley, 230 F.3d at 673-74 (holding enhancement appropriate where defendant arranged logistics of marijuana deliveries or payments and coordinated activities of others), we conclude the district court did not err in finding that Perrin's role in the offense justified a three-level enhancement under § 3B1.1(b).

Accordingly, we affirm Perrin's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED