**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4624**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

TRAVIS MONTREAL SANTIAGO,

Defendant - Appellee.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:06-cr-00051)

―――――――――

Submitted:  November 26, 2007      Decided:  December 10, 2007

―――――――――

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellant.  Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Montreal Santiago pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000). The probation officer made the following recommendations in Santiago's presentence report ("PSR"): the base offense level was 20 under U.S. Sentencing Guidelines Manual § 2K2.1 (2006); following the cross-references in USSG § 2K2.1(c)(1) and § 2X1.1, Santiago's base offense level was increased to 28 because he possessed the weapon while also possessing with intent to distribute crack cocaine, a crime with a base offense level of 28 under USSG § 2D1.1(c)(6); two levels were added under USSG § 2D1.1(b)(1) because Santiago possessed a dangerous weapon; the adjusted offense level of 30 was decreased by three levels for acceptance of responsibility, under USSG § 3E1.1, giving him a total offense level of 27; with his criminal history category of IV, Santiago had an advisory sentencing range of 100-125 months, which was reduced to 100-120 months because ten years was the maximum sentence.

At the sentencing hearing, the district court granted Santiago's objections to his eight-level enhancement under USSG § 2K2.1(c)(1) and his two-level enhancement under § 2D1.1(b)(1). The record is undisputed that the district court granted Santiago's objections on the basis of defense counsel's argument that the enhancements were legally precluded by the Sixth Amendment.

Counsel relied on United States v. Booker, 543 U.S. 220 (2005), and related cases as the basis for granting this legal objection. The Government timely appeals, alleging that the enhancements are not precluded by the Sixth Amendment. For the reasons that follow, we vacate the sentence and remand for resentencing.

We review a district court's legal conclusions regarding the Sentencing Guidelines de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Although we review a post-Booker sentence for reasonableness, requiring the district court to consider "the extent to which the sentence imposed by the district court comports with the various, and sometimes competing, goals of § 3553(a)," United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006), underlying legal determinations are still reviewed de novo. Id. After Booker, courts must calculate the appropriate Sentencing Guidelines range, consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and impose a sentence. If a district court imposes a sentence outside the advisory range, the court must state its reasons for doing so. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Here, the district court failed to properly calculate Santiago's advisory sentencing range as required by Hughes and related cases. See United States v. Green, 436 F.3d 449, 456 (4th

Cir. 2006) (noting a sentencing court's first step is to properly calculate the sentencing range under the advisory Sentencing Guidelines). Rather, the court determined it was precluded by the Sixth Amendment from enhancing Santiago's sentence based on facts not admitted by him or found by a jury. This was error. <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2465-66 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence. Nor do they prohibit the sentencing judge from taking account of the Sentencing Commission's factual findings or recommended sentences." (citations omitted)). Thus, without commenting on the propriety of the calculations in the PSR or the factual findings contained therein, we vacate and remand to the district court noting that the court is not precluded by <u>Booker</u>, or its progeny, from considering facts not admitted by Santiago or found by a jury.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>