**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5037**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARCHAVIS BRIANN MOORE,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00028)

Submitted: October 17, 2008      Decided: December 29, 2008

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Sandra J. Barrett, LAW OFFICE OF SANDRA J. BARRETT, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Archavis Briann Moore was convicted by a jury of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), possession with intent to distribute detectable amounts of cocaine base and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). The district court concluded that Moore qualified for enhanced sentencing as a career offender pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2005), and sentenced him to a total of 360 months of imprisonment. Moore timely appealed.

While Moore's appeal was pending, we granted the Government's motion to remand the case to the district court for a hearing on a potential conflict of interest because Moore's counsel was under investigation by the Government. At the hearing, the district court found an actual conflict of interest existed and relieved counsel from further representation. New counsel was appointed to represent Moore on appeal.

Moore first asserts that he received per se ineffective assistance of counsel based on trial counsel's conflict of interest. The Government responds, arguing that there is no evidence that, at the time of his representation of

2

Moore, counsel was aware that he was under investigation; and that the record does not reflect any adverse effect of such possible knowledge on counsel's representation of Moore in this case. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Our review of the record leads us to conclude that it does not conclusively show that counsel was ineffective, or that counsel was aware of the Government's investigation of his conduct during his representation of Moore.

Moore also argues that he was improperly sentenced as a career offender. Moore was classified as a career offender based on prior felony convictions for robbery with a dangerous weapon and kidnapping and possession with intent to sell and deliver marijuana. In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Moore asserts three defects in his sentencing. First, he argues that the court erred in imposing "career criminal" status because the Government failed to file an information alleging more than one prior conviction, as required by the statute. The career offender Guidelines provision does not, however, require pretrial notice of the necessary predicate felony convictions. Further, this court has held that a sentencing enhancement based on the defendant's prior convictions is not a part of the charge, and need not be included in the indictment. United States v. Thompson, 421 F.3d 278, 280-84 (4th Cir. 2005). This argument is without merit.

Moore next argues that the district court erred in counting his 1993 convictions for robbery with a dangerous weapon and second degree kidnapping as separate convictions for purposes of exposing him to an enhanced sentence. At sentencing, the Government agreed that Moore's robbery and kidnapping convictions should count as only one conviction for sentencing purposes, and the record reflects they were counted as only one conviction.

Moore's final argument is that his marijuana conviction was not a qualifying felony drug conviction because the statutory maximum sentence used to determine whether a conviction is a felony should be the presumptive range sentence and not the aggravated range sentence under North Carolina's

structured sentencing statute. Moore acknowledges that his argument is negated by this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), but asserts Harp should be reconsidered. Moore has not provided any persuasive reason why this decision should be reconsidered, and "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citations omitted). We find that the district court properly determined that Moore was a career offender.

We therefore affirm Moore's convictions and sentence. The written judgment of the district court erroneously states that Moore's conviction on Count Two was for possession with intent to distribute cocaine and cocaine base, rather than cocaine base and marijuana. Accordingly, we remand to the district court for correction of this clerical error. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

5