**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-5017**

─────────────

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

JOHN HENRY WALKER,

     Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:06-cr-00101)

─────────────

Submitted:  June 9, 2009    Decided:  June 22, 2009

─────────────

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

M. Timothy Porterfield, Charlotte, North Carolina, for
Appellant.  Gretchen C. F. Shappert, United States Attorney,
David A. Brown, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Henry Walker pled guilty to making false statements to a financial institution and aiding and abetting (Counts 1-3); tax evasion and aiding and abetting (Counts 4-8); and making false statements to federal agents (Count 9). At the sentencing hearing, the district court overruled Walker's objections to the following enhancements: (1) the tax loss amount of over $400,000, under U.S. Sentencing Guidelines Manual ("USSG") §§ 2T1.1(a)(1), 2T4.1(H) (2006), resulting in a base offense level of 20; (2) a two-level increase for failing to report more than $10,000 of income from an illegal source, under USSG § 2T1.1(b)(1); and (3) a two-level increase for abusing a position of trust, under USSG § 3C1.1. Walker's resulting total offense level was twenty-four, which, with a criminal history category of I, resulted in a sentencing range of 51-63 months of incarceration. The court imposed a sentence of sixty-three months of incarceration: sixty-three months each for Counts 1-3, and sixty months each for Counts 4-9. All sentences were imposed to run concurrently.

On appeal, Walker again contests the above three sentencing enhancements. We review Walker's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 590 (2007). We find Walker has alleged no procedural or substantive error in the

district court's sentence.  Id. at 597; United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007).  Moreover, we find no clear error in the district court's factual findings that the enhancements were supported by a preponderance of the evidence presented at the sentencing hearing.  United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Accordingly, we affirm Walker's sentence.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED