**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4082**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CRAIG FORD,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:08-cr-00032-FPS-JES-1)

Submitted: July 23, 2009          Decided: August 11, 2009

Before KING and DUNCAN Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, David J. Perri, Randolph J. Bernard, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Ford appeals his sentence following his guilty plea to being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Ford argues that the district court procedurally erred in calculating his guideline sentencing range because Ford was entitled to the sporting and collection exception pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(2) (2008).

This court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, this court must assess whether the district court properly calculated the defendant's advisory guideline range. Id. In assessing whether a sentencing court properly applied the Guidelines, this court reviews the court's factual findings for clear error and its legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a specified reduction in his guideline sentencing level. See United States v. Abdi, 342 F.3d 313, 317 (4th Cir. 2003). Section

2

2K2.1(b)(2) of the Guidelines provides for a sentencing level reduction when the ammunition in question is possessed by a disqualified person "solely for lawful sporting purposes or collection" and the defendant did not otherwise unlawfully use that ammunition. Given that Ford lacked a hunting license and told investigating officers that he intended to hunt deer, which would not be legal to hunt for another seven months, the district court did not clearly err by concluding that Ford failed to show that he possessed the ammunition for lawful sporting purposes. Therefore, the district court did not err in denying a USSG § 2K2.1(b)(2) reduction in Ford's guideline sentencing level.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED