**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5189**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

HENRY OMOROGIEVA OMOZEE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge.  (1:08-cr-00140-LMB-1)

Submitted:  December 10, 2009        Decided:  January 4, 2010

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHL, P.C., Chesterfield, Virginia,
for Appellant. Dana J. Boente, Acting United States Attorney,
Marla B. Tusk, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Omorogieva Omozee appeals his twenty-seven month prison sentence after a jury convicted him of three counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1) (2006). On appeal, he contends that the district court procedurally erred in calculating the amount of tax loss and the resulting base offense level under U.S. Sentencing Guidelines Manual § 2T1.1 (2007). We affirm.

We review Omozee's sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). In assessing a sentencing court's application of the guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

The Government presented evidence at trial that Omozee had $276,984.27 in unreported income over a three-year period. At sentencing, the Government provided an affidavit from a special agent with the Internal Revenue Service ("IRS") that the

2

IRS had calculated the total tax loss based on Omozee's under-reporting of income to be approximately $82,430. The Government also provided Omozee the underlying calculations from the IRS, and he had an opportunity to object to the calculations but he did not do so. Instead, Omozee argued that his Sixth Amendment right to a trial by jury would be violated by increasing his guideline offense level based on extra verdict enhancements that were neither admitted by him nor found by the jury. He also noted that the affidavit used the term "approximately," and he suggested that the district court should utilize the formula for calculating tax loss when a more accurate determination of the loss cannot be made. The district court overruled Omozee's objection and accepted the IRS's determination of tax loss.

On appeal, Omozee argues that the district court erred in accepting the Government's estimated tax loss of $82,430, and "the proper method is to calculate 28% of the unreported gross income." We review the district court's factual determination of loss for clear error. See United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Pursuant to USSG § 2T1.1(c)(1), "the tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)." When the offense involves filing a tax return in which gross income was under-reported, "the tax

3

loss shall be treated as equal to 28% of the unreported gross income . . . plus 100% of any false credits claimed against tax, unless a more accurate determination of the tax loss can be made." USSG § 2T1.1(c)(1), n.(A). In some instances, "the tax loss may be uncertain," and "the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." USSG § 2T1.1, comment. (n.1).

We conclude Omozee has failed to show the district court clearly erred in finding the tax loss. The Government informed the district court that Omozee, a certified public accountant, was given the opportunity to review and object to the IRS's calculations, but he did not do so. Rather, he raised a Sixth Amendment argument that was without merit, see United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009), and noted that the Government's affidavit used the term "approximately." It was not clear error for the district court to conclude that the IRS's determination of the tax loss, which was not disputed by Omozee, was "a more accurate determination of the tax loss" than a straight percentage of the unreported income.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4