**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4819**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SOUVIRA SIMALAYVONG,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00063-RLV-DCK-1)

———————

Submitted: December 18, 2009     Decided: January 12, 2010

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua D. Davey, MCGUIRE WOODS LLP, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Souvira Simalayvong pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006) (Count 1), and two counts of possessing with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006) (Counts 3, 4). He proceeded to trial on his remaining charge that he used and carried a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 2009), and the jury found him not guilty. Simalayvong was sentenced to 108 months of imprisonment for each conviction, to be served concurrently. On appeal, Simalayvong argues that the district court erred by imposing a two-level enhancement for possession of a firearm during the commission of a drug trafficking offense under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2007). For the reasons that follow, we affirm.

We do not find that the district court's factual finding that Simalayvong possessed the gun at issue in connection with his drug dealing was clear error. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006) (providing legal and factual review standard); United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006) (factual findings at sentencing are reviewed for clear error). Sentencing enhancements need only be

2

supported by a preponderance of the evidence, <u>United States v. Miller</u>, 316 F.3d 495, 503 (4th Cir. 2003), and the USSG § 2D1.1 enhancement is proper if the weapon was present "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). The facts presented at Simalayvong's trial regarding his possession of the Taurus pistol were sufficient for the district court to impose the enhancement.

Accordingly, we find no reversible error and affirm Simalayvong's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>