**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4236**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO LEODAN DURAN-HERNANDEZ, a/k/a Rey
Tiburcio, a/k/a Leodan Duran-Hernandez, a/k/a
Rey Valdouinos Tiburcio, a/k/a Valdouinos
Tiburcio, a/k/a Edwin Wilfred Torres, a/k/a
Edwin Wilfredo Torres, a/k/a Rey Valdouinos,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Richard L. Voorhees,
District Judge. (5:06-cr-00023)

―――――――――

Submitted:  October 17, 2007          Decided:  January 10, 2008

―――――――――

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Kimberly Y. Best, THE BEST LAW FIRM, PLLC, Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Adam Morris, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Leodan Duran-Hernandez pled guilty without a plea agreement to unlawful reentry into the United States by a deported alien in violation of 8 U.S.C. § 1326 (2000), and was sentenced to seventy-one months in prison. Duran-Hernandez appeals the district court's judgment, arguing that the district court erred in determining that his prior Virginia involuntary manslaughter conviction constituted a "crime of violence" under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2005), thereby warranting application of a sixteen-level enhancement to his Guidelines range. Although the Government concedes that the district court erred and agrees that Duran-Hernandez should be resentenced, we are "not at liberty to vacate and remand for resentencing on the Government's concession of error alone." United States v. Rodriguez, 433 F.3d 411, 414 n.6 (4th Cir. 2006) (citation omitted). Because we find that the district court did not err in applying the sixteen-level enhancement under USSG § 2L1.2, we affirm.

"In assessing a challenge to a sentencing court's application of the Guidelines, we review the [district] court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006) (citation omitted). Section 2L1.2(b)(1)(A)(ii) of the Guidelines directs a sixteen-level enhancement if the defendant was previously

deported from the United States following "a conviction for a felony that is . . . a crime of violence."  Prior to November 1, 2003, a "crime of violence" was defined as:

> (I) . . . an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

USSG § 2L1.2 cmt. n.1(B)(ii) (2002).  This definition was amended in 2003, however, and is now defined as:

> [M]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG § 2L1.2 cmt. n.1(B)(iii) (2005).

Although Duran-Hernandez argues that involuntary manslaughter is not a "crime of violence" because it does not have "as an element the use . . . of physical force against the person of another," § 2L1.2 contains no such requirement.  As explicitly stated by the Sentencing Commission, the definition of "crime of violence" was amended to:

> [C]larif[y] the meaning of the term "crime of violence" by providing that the term "means any of the following: . . . ." The previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and

- 3 -

residential burglary, also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another." The amended definition makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG App. C, Vol. II, amend. 658, at 401-02 (Nov. 1, 2003). Because all that is necessary for an enhancement under § 2L1.2 to apply is that a prior conviction for manslaughter exist, see United States v. Payton, 28 F.3d 17, 19 (4th Cir. 1994) (holding that the Guidelines commentary "that is interpretative or explanatory controls, so long as it is not clearly inconsistent with the Guidelines or unconstitutional"), it is irrelevant whether the conviction was for voluntary or involuntary manslaughter. See id. (finding that although the note construing "crime of violence" under USSG § 4B1.2 does not differentiate between involuntary and voluntary manslaughter, it includes both).

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED