**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4391

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISMAEL ARGUELLO FLORES, a/k/a Mike, a/k/a Mel,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00286-NCT)

Submitted:  February 11, 2008         Decided:  March 10, 2008

Before TRAXLER and KING, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  Anna
Mills Wagoner, United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismael Arguello Flores appeals the 245-month sentence imposed after he pled guilty to one count of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b) (2000). On appeal, Flores argues that the district court erred in determining the quantity of cocaine used to determine his offense level, erred in imposing a two-level enhancement for possession of a firearm and finding him ineligible for the "safety valve," and erred in denying his motion for a downward departure. We affirm.

We review a sentence imposed by the district court for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentence within a correctly calculated advisory guideline range is presumptively reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). In considering the district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Flores first argues that the district court violated his Sixth Amendment rights by determining his base offense level using a quantity of cocaine that was greater than the quantity charged in

the indictment and admitted by Flores in his plea. This argument is meritless. Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). The Supreme Court has stated that, in addition to making the Guidelines advisory, Booker "also recognized that when district courts impose discretionary sentences, which are reviewed under normal appellate principles by courts of appeals, such a sentencing scheme will ordinarily raise no Sixth Amendment concern." Rita, 127 S. Ct. at 2467. In this case, the district court specifically noted the advisory nature of the Guidelines and heard argument regarding the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We therefore conclude that the district court's drug quantity determination did not violate Flores' Sixth Amendment rights. To the extent that Flores' argument can be construed as a factual challenge to the district court's drug quantity determination, the evidence produced at sentencing amply supported the court's finding, which is not clearly erroneous.

Flores next argues that the district court erred in imposing a two-level enhancement for possession of a firearm. He asserts both a Sixth Amendment argument and a factual challenge. We reject the Sixth Amendment argument for the reasons discussed above. The Guidelines provide for a two-level increase in a

defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The Commentary to § 2D1.1 states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), cmt. n.3. "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The district court's determination that a firearm or other weapon was present and justifies the enhancement is a factual question that is reviewed for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). Our review of the transcript of the sentencing hearing convinces us that the district court did not clearly err in determining that Flores possessed firearms in connection with cocaine trafficking, and properly applied the two-level enhancement.

Flores also asserts error in the district court's determination that he was not eligible for the "safety valve" to reduce his sentence. 18 U.S.C.A. § 3553(f) (West 2000 & Supp. 2007); USSG § 5C1.2 (2006). The district court correctly determined that Flores possessed a firearm in connection with the distribution of cocaine, and thus properly denied application of the safety valve in determining his sentence.

Finally, Flores argues that the district court erred in denying his motion for a downward departure. He also argues that the factors he identified in support of a departure justified a lesser sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Because the record reflects that the district court recognized its authority to depart but concluded that a departure was not warranted on the facts of this case, the court's decision is not reviewable on appeal. <u>United States v. Bayerle</u>, 898 F.2d 28, 30-31 (4th Cir. 1990). Moreover, contrary to Flores' suggestions on appeal, the record indicates that the district court considered the information provided by Flores and concluded it did not justify a lesser sentence. We find no abuse of discretion in that decision.

Accordingly, we affirm Flores' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>