**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4891**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

       v.

ANTHONY TYRONE WILLIAMS,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:06-cr-01320-RBH)

───────────

Submitted:  February 20, 2008        Decided:  April 23, 2008

───────────

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Alfred William Walker Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Tyrone Williams pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000). The district court determined that Williams qualified for sentencing as an armed career criminal and sentenced him to the statutory minimum of 180 months of imprisonment. Williams timely appealed.

On appeal, counsel filed an <u>Anders</u>[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Williams' guilty plea, and whether the sentence is reasonable. Williams was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

Williams did not move in the district court to withdraw his guilty plea; therefore, this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that

---

[1]<u>Anders v. California</u>, 386 U.S. 738 (1967).

the court conducted a thorough Rule 11 colloquy that assured Williams' plea was made both knowingly and voluntarily.

We review a sentence imposed by the district court for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentence within a correctly calculated advisory Guidelines range is presumptively reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). In considering the district court's application of the Guidelines,[2] we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Counsel does not assert that the district court erred in determining the applicable Guidelines range, and our review of the record reveals no error. In this case, Williams was sentenced to the statutory mandatory minimum, and we conclude that his sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes

---

[2]U.S. Sentencing Guidelines Manual (2006).

- 3 -

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED