**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4991**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MAX A. HARNED,

                Defendant - Appellant.

**No. 07-4995**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

REGIS E. HARNED,

                Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (1:06-cr-00015-IMK-1; 1:06-cr-00015-IMK-2)

Submitted: April 16, 2008          Decided: May 21, 2008

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Robert Alan Jones, Las Vegas, Nevada, for Appellants. Sharon L. Potter, United States Attorney, Robert H. McWilliams, Jr., Betsy C. Jividen, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Dr. Max A. Harned and his wife, Regis E. Harned, appeal their convictions and sentences for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2000), and four counts of attempting to evade taxes, in violation of 18 U.S.C. § 2 (2000) and 26 U.S.C. § 7201 (2000). The Harneds claim the district court abused its discretion by not permitting them to admit into evidence amended tax returns. The Harneds also claim the testimony of two IRS agents was improper overview testimony and was insufficient to support the convictions for the substantive counts. In addition, the Harneds claim the prosecutor made improper remarks during closing and asked irrelevant questions to two of their expert witnesses. Lastly, the Harneds claim the district court erred in computing the tax loss in determining the base offense level. Finding no error, we affirm.

Decisions regarding the admission or exclusion of evidence are left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992). Relevant evidence is generally admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

> Evidence of payment may be such that it merely shows a change of heart or an attempt to vitiate a crime. On the other hand, payment may be made or offered to be made under such circumstances as to warrant an inference of good faith and lack of evil intent. Such latter evidence is admissible in an income tax evasion case to support the contention that there was at no time any intent to evade payment of taxes. Whether such evidence is admissible depends upon the facts and circumstances of each case.

Hayes v. United States, 227 F.2d 540, 543 (10th Cir. 1955).

Although amended returns may indeed be relevant on the issue of whether a defendant acted willfully when he filed false tax returns, see Turner v. United States, 222 F.2d 926, 933 (4th Cir. 1955), we find, based on the circumstances, the district court did not abuse its discretion by not allowing the admission of the amended returns. We also find no error in the court's decision not allowing other post-filing conduct that supposedly went to the issue of willfulness.

In order to establish a violation of 26 U.S.C.A. § 7201 (2000), the Government must prove the defendant acted willfully and committed an affirmative act that constituted an attempted evasion of tax payments and, as a result, a substantial tax deficiency existed. United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United

States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire as to whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

We find no error in the summary testimony provided by the two IRS agents. See Fed. R. Evid. 1006. Their testimony was based upon extensive and detailed document review. They did not offer an opinion as to culpability or assume the credibility of any subsequent witnesses.

We further find substantial evidence supports the convictions. In addition to the IRS agents' findings with respect to the document review, there was also substantial evidence showing the Harneds acted willfully and that there was a substantial tax deficiency as a result of their conduct.

With respect to the prosecutor's closing argument comments regarding whether a defense witness provided misleading testimony, we find no plain error.* We also find no error in the

---

*The Harneds did not object to that part of the closing argument. Thus, our review is only for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

prosecutor's questions to the defense witnesses with respect to the payment they received for their services to the Harneds. These types of questions may be relevant to bias. See United States v. Edwardo-Franco, 885 F.2d 1002, 1009 (2d Cir. 1989); see also United States v. Leja, 568 F.2d 493, 499 (6th Cir. 1977).

We further find the district court did not err in determining the base offense level. In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). We find the district court properly addressed each objection to the base offense level and affirm that decision based on the district court's reasoning.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED