**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4738**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

MICHAEL KINDOCE BLACKMAN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:06-cr-00050-F)

———————

Submitted: May 29, 2008         Decided: June 16, 2008

———————

Before KING and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Nora H. Hargrove, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kindoce Blackman appeals his 468-month sentence after pleading guilty to armed bank robbery; conspiracy to commit armed bank robbery; making a threat to injure and kill by means of explosives; theft of a motor vehicle by force, violence, and intimidation (carjacking); and two counts of possessing a firearm in furtherance of a crime of violence. Blackman contends that the district court erred in enhancing his sentence for his role in the bank robbery under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1(c) (2006), and in enhancing his carjacking sentence for an abduction under U.S.S.G. § 2B3.1(b)(4). We affirm.

We review Blackman's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 590 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (quoting Gall, 128 S. Ct. at 597). In assessing whether the district court properly applied the Guidelines, "we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). "On mixed questions of law and fact regarding the Sentencing Guidelines, we apply a due deference standard in reviewing the district court." United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996).

Blackman first contends he was only a participant in the bank robbery, and the district court clearly erred in enhancing his sentence under U.S.S.G. § 3B1.1(c). However, there was evidence that Blackman and his co-defendant, Roman Jermaine Graham, had been planning the bank robbery for three years, whereas the other two participants in the robbery were merely "their 'jackasses.'" We conclude the district court did not clearly err in finding Blackman acted as "an organizer, leader, manager, or supervisor."

Next, Blackman contends that the district court erred in applying an abduction enhancement under U.S.S.G. § 2B3.1(b)(4)(A), along with the carjacking enhancement under U.S.S.G. § 2B3.1(b)(5), because "any carjacking necessarily includes an abduction." We disagree. The carjacking enhancement applies when a defendant takes "a motor vehicle from the person or presence of another by force and violence or by intimidation." U.S.S.G. § 2B3.1 comment. (n.1). Blackman conceded this enhancement applied, because he pled guilty to carjacking. The abduction enhancement applies when any person was abducted, i.e., "forced to accompany an offender to a different location," U.S.S.G. § 1B1.1 comment. (n.1), to facilitate commission of the offense or escape. U.S.S.G. § 2B3.1(b)(4)(A). The district court properly applied both enhancements because Blackman forced his carjacking victim to accompany him to a different location before he returned to the vehicle alone, which facilitated his commission of the carjacking and/or his escape.

See <u>Osborne</u>, 514 F.3d 377; <u>Nale</u>, 101 F.3d 1000; <u>United States v. Wilson</u>, 198 F.3d 467 (4th Cir. 1999).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>