**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5260

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN DONALD BANKS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:06-cr-00172-H)

Submitted: February 5, 2008      Decided: July 23, 2008

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Donald Banks appeals his conviction and 120-month sentence following his guilty plea to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). We affirm Banks's conviction but vacate his sentence and remand for reconsideration.

In the presentence report (PSR), the probation officer noted that Banks possessed the firearm and ammunition while also in possession of crack cocaine, marijuana, digital scales, and drug packaging materials. He therefore applied the cross-reference provision of U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(c)(1)(A) (2006), which resulted in the application of the Guidelines for distribution or possession with intent to distribute controlled substances, § 2D1.1. Banks objected to application of the cross-reference to the drug Guidelines, arguing that this increase in his offense level violated his due process and Eighth Amendment rights. He also objected to the crack/powder cocaine sentencing disparity in the Guidelines. The district court overruled Banks's objections and sentenced him to 120 months of imprisonment, three years of supervised release, and a $100 special assessment. Banks timely appealed.

Banks first argues that his guilty plea is invalid because the magistrate judge lacked authority to take a guilty plea

and because he did not validly consent to proceed before the magistrate judge.  We conclude that these arguments are without merit.  Banks asserts the magistrate judge did not have authority to take a guilty plea on a felony indictment based on the local rules for the District Court for the Eastern District of North Carolina.  Banks correctly notes the limitations in the local rules, but overlooks a provision allowing a magistrate judge to "perform any additional duty consistent with the Constitution and laws of the United States."  E.D.N.C. Local Civ. R. 72.3(h)(16).  This language is consistent with the statutory language governing the authority of magistrate judges.  28 U.S.C. § 636(b)(3) (2000).  This Court recognizes the authority of a magistrate judge to conduct guilty plea proceedings, in part based on the language of § 636(b)(3).  United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003).  The magistrate judge acted within his authority in conducting the plea hearing.

Banks also asserts that he did not validly consent to enter a guilty plea before a magistrate judge because the magistrate judge did not adequately explain his right to proceed before a district judge and the form he signed refers to an arraignment rather than a guilty plea.  Our review of the record leads us to conclude that, although more specific advice and a form specifically addressed to a guilty plea are desirable, in the context of the entire hearing, Banks clearly understood the

purposes of the hearing and validly consented to proceed before the magistrate judge.

Banks next argues that his sentence violated his Fifth and Sixth Amendment rights because it is based on conclusions by the district court to apply the cross-reference to the drug distribution or possession with intent to distribute Guideline, which resulted in a sentence based on a crime other than the felon-in-possession count to which he pleaded guilty. We review a sentence imposed by the district court under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). In considering the district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

In a related argument, Banks asserts that the court erred in its fact-finding by applying the drug distribution Guideline rather that the simple possession Guideline. Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). In this case, the district court specifically noted the advisory nature of the Guidelines and stated that it had considered the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). The district court's application of the drug distribution cross-reference under the

advisory Guidelines therefore did not violate Banks's Fifth or Sixth Amendment rights.

We also conclude that the district court correctly applied the Guideline for drug distribution or possession with intent to distribute, § 2D1.1. Banks not only possessed controlled substances and was present in an apartment where evidence of drug distribution was discovered, but he admitted flushing an ounce of crack cocaine down the toilet as the officers arrived, thereby attempting to conceal those drugs from the authorities. This court has held repeatedly that possession with intent to distribute may be inferred from the quantity of drugs possessed. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992) ("thirteen plus grams of crack . . . is a 'large quantity', supporting the fact finder's inference that an intent to distribute existed.").

Banks also asserts that his sentence is unconstitutional based on the disparity between the Guidelines for crack and powder cocaine. Counsel asserted an objection at sentencing on this basis. Since the parties' briefs were filed, the Supreme Court decided, in Kimbrough v. United States, 128 S. Ct. 558 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. Kimbrough thus abrogated this Court's decision in United

States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio cannot be the basis of a variance), vacated, __ S. Ct. __, 2008 WL 59208 (U.S. Jan. 7, 2008) (No. 05-11659). In determining Banks's sentence, the district court did not have the benefit of the Supreme Court's recent decision in Kimbrough, and the record is insufficient to determine whether the court would have imposed a lower sentence upon consideration of that decision.

Finally, Banks asserts that the district court erred in determining his sentence based on incorrect conclusions regarding the number of children Banks had fathered and that he was subject to an enhanced sentence as an armed career criminal. We need not resolve these claims, as Banks may raise them before the district court at the resentencing hearing.

Accordingly, we affirm Banks's conviction, but vacate his sentence and remand for reconsideration in light of Kimbrough. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART