**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4189**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KNOWLEDGE UNDERSTANDING NEVELS,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:04-cr-00256-NCT-2)

Submitted:  August 22, 2008          Decided:  September 9, 2008

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Milton B. Shoaf, Salisbury, North Carolina, for Appellant.  Randall S. Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Knowledge Understanding Nevels pled guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(A) (West 1999 & Supp. 2008). He was sentenced to 245 months' imprisonment. Nevels' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal, but raising for the court's consideration whether the district court abused its discretion by increasing Nevels' offense level by two for possessing a handgun and whether this court should consider whether Nevels is eligible for resentencing under the reconstituted guidelines for possession of crack cocaine. Finding no meritorious issues for appeal, we affirm.

A district court's factual findings at sentencing are reviewed for clear error. See 18 U.S.C.A. § 3742 (West 2000 & Supp. 2008). Questions of law are reviewed de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Under U.S. Sentencing Guidelines Manual § 2D1.1 (2006), "[t]he enhancement for weapon possession . . . should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 comment. (n.3). The enhancement is appropriate if the Government establishes Nevels constructively possessed the weapon. In so doing, the Government "must produce evidence showing ownership, dominion, or control over

2

the contraband itself or the premises or the vehicle in which the contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (internal quotation marks omitted). We find no clear error in the district court's findings. Thus, we will not disturb the two-level enhancement.

Insofar as Nevels may wish to take advantage of the recent amendments to the Sentencing Guidelines regarding the offense levels for crack cocaine, he should file a motion under 18 U.S.C. § 3582(c)(2) (2000) with the district court. United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008).

This court will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). The court reviews Nevels' sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). In assessing a sentencing court's application of the Guidelines, this court reviews the court's legal conclusions de novo and its factual findings for clear error. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

The court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. At this stage of review, the court presumes that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Gall, 128 S. Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."); Rita v. United States, 127 S. Ct. 2456 (2007) (upholding this court's presumption of reasonableness).

In sentencing, the district court should first calculate the guideline range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The court should then consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors to determine whether they support the sentence requested by either party. Id. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). We find the sentence reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

4

therefore affirm Nevels' conviction and sentence. This court requires counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nevels. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED