**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4255**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KELVIN DEWITT GOODE,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00298-REP-1)

Submitted:  December 23, 2008        Decided:  January 26, 2009

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, HICKSTYMAS, LLC, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Sara E. Chase, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Dewitt Goode pled guilty to driving after being adjudicated an habitual offender, in violation of 18 U.S.C. § 13 (2006), assimilating Va. Code Ann. § 46.2-357(B)(3) (2005). He received a sentence of thirty-six months' imprisonment. Goode asserts two sentencing errors on appeal. First, Goode contends that his sentence is unreasonable because the district court did not adequately consider the disparity between Goode's sentence and the applicable sentencing range under the Virginia sentencing guidelines. In failing to do so, Goode argues, the court violated the requirement of 18 U.S.C. § 3553(a)(6) (2006) to consider "the need to avoid unwarranted sentencing disparities" as well as the requirement of § 13(a) that those convicted under the Assimilative Crimes Act be subject to a like punishment as they would receive in state court.

Second, Goode contends that, because the relevant state range is for a sentence of twelve to seventeen months' imprisonment, Goode's thirty-six month sentence is greater than necessary to fulfill the purposes of sentencing as set forth in § 3553(a). We affirm.

Generally, we review sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). However, when we "review a

2

sentence imposed for an assimilated offense for which there is no sufficiently analogous offense guideline, we do so under the plainly unreasonable standard." United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) (internal quotation marks and citations omitted). When applying the plainly unreasonable standard, we first determine whether a sentence is unreasonable. See United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). If we find that the sentence is procedurally or substantively unreasonable, we "must then decide whether the sentence is *plainly* unreasonable, relying on the definition of 'plain' that we use in our plain error analysis. Thus, for purposes of determining whether an unreasonable sentence is plainly unreasonable, '[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" Id. (internal quotation marks and citation omitted) (alteration in original).

In determining procedural reasonableness, we must assess whether the district court failed to consider the § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the sentence. Gall, 128 S. Ct. at 597; Pauley, 511 F.3d at 473. Next, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

3

When evaluating the sentencing court's explanation of a sentence, we have consistently held that the sentencing court "need not robotically tick through § 3553(a)'s every subsection" but should "provide us an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks and citation omitted); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006); United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). On review, we will not evaluate the adequacy of the district court's explanation "in a vacuum," but rather will consider "[t]he context surrounding [its] explanation." Montes-Pineda, 445 F.3d at 381. In considering the district court's application of the guidelines, we review factual findings for clear error and legal conclusions de novo. See United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Our review of the record convinces us that Goode "overstates the district court's lack of consideration, as well as the alleged unwarranted disparity between a sentence that would be imposed under the Virginia guidelines and the one imposed by the district court in this case." Finley, 531 F.3d at 294. The district court indicated that it considered Virginia's sentencing guidelines but found Goode's "abysmal" criminal history justified a longer sentence, conceivably up to

Virginia's five-year statutory maximum. However, in light of Goode's military service, the district court imposed a sentence of thirty-six months, which it found necessary to serve the requirements of 18 U.S.C. § 3553(a), specifically promoting respect for the law and protecting the public from Goode's misconduct. Accordingly, we find that Goode's sentence was not unreasonable.

Additionally, Goode misunderstands 18 U.S.C. § 13's prescription that individuals convicted under § 13 be subject to "a like punishment" as they would have received in state court. In Finley, we noted that "like punishment, as used in the Assimilative Crimes Act, does not require that the punishment be identical but only that sentences in federal court for assimilated crimes fall within the minimum and maximum terms established by state law." Id. at 295 (internal quotation marks and citations omitted). Accordingly, district courts have wide discretion in imposing sentences within that range. Id. Were Goode to have been convicted of this offense in a Virginia state court, he would have faced a mandatory minimum sentence of one year and a statutory maximum of five years' imprisonment. See Va. Code Ann. § 46.2-357(B)(2), (3). Here, Goode received a sentence of thirty-six months. Because Goode was sentenced within the state-prescribed range, he received "a like punishment" for purposes of § 13.

Next, Goode contends that his sentence is "far too long," as it is "greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)." Further, Goode argues that "the mere act of driving onto federal property does not warrant a sentence so much longer than [he] would have received if he had been pulled over on a state road." As we discussed above, due to Goode's significant criminal history, his sentence is not greater than necessary to further the purposes of § 3553(a). District courts need not give equal weight to all of § 3553(a)'s factors. See Pauley, 511 F.3d at 476. Instead, it is "quite reasonable for the sentencing court to have attached great weight to a single factor." Id. (internal quotation marks and citation omitted). In this case, the district court gave great weight to two factors, promoting respect for the law and protecting the public. Accordingly, Goode's second argument is without merit.

Because we do not find Goode's sentence unreasonable, we need not address whether it was plainly unreasonable. We reject Goode's challenges to his sentence and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6