**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4227**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

LON JONATHAN BROOKS, JR.,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:08-cr-00048-RLV-DSC-3)

Submitted: February 17, 2011          Decided:  March 18, 2011

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lon Jonathan Brooks pled guilty to conspiracy to defraud the United States, 18 U.S.C. § 371 (2006). On appeal, he challenges his 60-month sentence on the grounds that the district court erred in imposing various enhancements and that his sentence is procedurally unreasonable because the district court failed to provide an individualized assessment with respect to its consideration of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors. We affirm.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. at 51. We then

consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances.

Brooks first challenges the district court's imposition of a four-level enhancement because the offense involved fifty or more victims, U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(2)(B) (2008); a fourteen-level enhancement because the loss involved was $400,000 or more, USSG § 2B1.1(b)(1)(H); and a two-level enhancement because Brooks was in the business of receiving and selling stolen property, USSG § 2B1.1(b)(4). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

With respect to the enhancements based on the number of victims and the amount of loss, Brooks does not contest that an enhancement is properly applied for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). Instead, he argues that he, Rosie Brooks (his mother), and Eric Scott Brooks (his half-brother) worked separately from one another and each ran his or her own operation. He therefore maintains the district court erred in holding him responsible for all of the victims and loss attributed to the conspiracy. Because the district court's finding at sentencing that Brooks'

3

activities were "one spoke in the same wheel of the conspiracy" is sufficiently supported by the facts in the record, we conclude the district court did not err in imposing these enhancements.

Brooks also argues that the district court erred in imposing a two-level enhancement based on its finding that Brooks was in the business of receiving and selling stolen property. Specifically, Brooks argues that because he was not a "fence" the enhancement could not be applied to him. We agree with the Government that, even assuming without deciding that the application of the enhancement was improper, any error resulting from the imposition of the enhancement was harmless. See United States v. Lynn, 592 F.3d 572, 585 (4th Cir. 2010) ("To avoid reversal for non-constitutional, non-structural errors . . ., the party defending the ruling below (here, the Government) bears the burden of demonstrating that the error was harmless . . . ."). Without application of this enhancement, Brooks' Guidelines range would have been seventy to eight-seven months, still above the statutory maximum of sixty months, which ultimately dictated his Guidelines range. See USSG § 5G1.1(c)(1). Hence, the two-level reduction would not have reduced the applicable Guidelines' term of imprisonment. Furthermore, the court stated at sentencing that consideration of the statutory factors advocated in favor of the statutory

4

maximum, "and a higher one if possible." It is therefore clear that the district was not inclined to consider a downward variance sentence even if a lower Guidelines range could have been determined.

Brooks also argues his sentence is procedurally unreasonable because the district court failed to provide an individual assessment of all of the applicable § 3553(a) factors considered and to articulate why it rejected Brooks' argument for a below-Guidelines sentence based on a potential sentence disparity between the co-conspirators. Brooks' claim is without merit.

The district court acknowledged Brooks' request for a downward variance based on the abuse he suffered as a child, noting that he suffered "not only lack of guidance by parents, but incorrect guidance and teaching and training in law breaking." However, the court found that Brooks had not identified a factor that would justify a downward variance. The district court noted the check-writing scheme was extensive and involved "physical abuse of vulnerable people" and "corruption of individuals by recruitment of numerous people into the enterprise." The court remarked that the conspiracy was multi-state in nature and included more than thirty-five participants. The court further noted that Brooks' criminal activity suggested a "very high likelihood of recidivism." The court therefore

rejected Brooks' plea for lenience, citing the seriousness of the offense, the need to promote respect for the law, provide just punishment, provide deterrence, and protect the public. In fact, the court stated that "the nature of the offense would argue for an upward direction," and the only reason his sentence would not be akin to that of his mother (108 months' imprisonment) was because the court was limited by the statutory maximum. Accordingly, we conclude Brooks' sentence was procedurally reasonable.

We therefore affirm Brooks' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6