<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4132**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

WEN BIN CHEN,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00085-TDS-5)

Submitted:  December 18, 2012     Decided:  December 28, 2012

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew G. Pruden, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant. Ripley Rand, Acting United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wen Bin Chen appeals from his fifty-six-month sentence imposed pursuant to his guilty plea to conspiracy to commit access device fraud and aggravated identity theft. Chen's conspiracy involved obtaining credit card account numbers in order to make credit cards with fictitious names and then using the counterfeit credit cards to purchase gift cards. On appeal, he contends that the district court erred in calculating his loss amount for sentencing based upon 419 stolen credit card numbers. We affirm.

When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). In its determination of the amount of loss for Guidelines purposes, "[t]he [district] court need only make a reasonable estimate . . . , [and] the court's loss determination is entitled to appropriate deference." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C) (2011). Further, when calculating the amount of loss attributable to a defendant, the court must determine the "scope of the criminal activity the defendant agreed to jointly undertake," as well as "consider all reasonably foreseeable acts and omissions of others in the jointly undertaken criminal activity." See United States v. McCrimmon, 362 F.3d 725, 731 (11th Cir. 2004). Chen

2

does not dispute the factual evidence of the scope of his participation in the conspiracy, but rather disputes the conclusions to be drawn from it. Specifically, Chen contends that the credit card numbers in his co-conspirators' sole possession could not have been foreseen by him because he had no involvement in obtaining credit card numbers or manufacturing the fraudulent cards. According to Chen, the evidence only supported the conclusion that he assisted in purchasing gift cards with fraudulent credit cards.

We conclude that the district court did not err by finding that the acts of Chen's co-conspirators were reasonably foreseeable to Chen. Chen was involved in the scheme on an ongoing basis, and thus, he knew or should have known that the credit cards in his possession or in the possession of the conspirators in the vehicle he was driving were not the only fraudulent credit card numbers possessed by the conspiracy. The record contained a plethora of evidence connecting Chen to the conspirators that possessed the bulk of the stolen credit card numbers, including evidence that the scheme was carried out in a similar manner on more than one occasion. On just the occasion of Chen's arrest, he and the passengers in his car were found in possession of 41 counterfeit credit cards. The day before, Chen and his passengers purchased at least 212 gift cards at various stores and worth approximately $21,200. As such, Chen clearly

3

knew that he was involved in an enterprise centered on large numbers of counterfeit credit cards used to purchase large numbers of gift cards. Accordingly, the district court's conclusion that the 419 recovered credit card numbers were reasonably foreseeable to Chen was not clearly erroneous.

As such, we affirm Chen's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4