**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4147**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSHUA CARDELL NEWELL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00165-CCE-1)

Submitted:  September 4, 2014          Decided:  January 8, 2015

Before GREGORY, DUNCAN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Gregory Davis, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Cardell Newell pleaded guilty to one count of brandishing a firearm in connection with a violent crime, 18 U.S.C. § 924(c)(1)(A)(ii), and two counts of armed bank robbery, id. § 2113(a), (d). Newell argues on appeal that the district court erred at sentencing by applying a four-level enhancement for abduction pursuant to U.S.S.G. § 2B3.1(b)(4)(A). For the reasons that follow, we affirm.

## I.

### A.

On October 11, 2012, Newell robbed a branch of the Southern Community Bank and Trust ("SCB"). When one of SCB's tellers, BV, approached the bank's front door, Newell, armed with a gun and wearing a ski mask, told BV to "open up." Newell then forced BV inside the bank. Once inside, Newell walked with BV to the vault and ordered ES, a teller already in the bank, to open it. In complying with Newell's demands, both ES and BV moved from the front of the bank to the vault. After ES opened the vault, Newell took $101,000 and fled the bank on foot.

Roughly three months later, on January 7, 2013, Newell robbed a branch of the Branch Banking and Trust Company ("BB&T"). After EB, one of BB&T's tellers, opened the bank's back door and let two fellow tellers in, Newell came up behind

2

EB and pushed her inside the bank. Newell then ordered the three tellers to walk to the vault and open it. After the tellers attempted to open the vault without success, Newell ordered the tellers at gunpoint to empty their cash drawers. Newell took $7,650 from the drawers and left the bank.

B.

On April 30, 2013, a grand jury returned a four-count indictment charging Newell with two counts of armed robbery and two counts of brandishing a firearm in connection with those robberies. Newell pleaded guilty to all but the fourth count, which charged him with brandishing a firearm in connection with the BB&T robbery.*

The Presentence Investigation Report ("PSR"), which the trial court adopted in its entirety, recommended a four-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(A) for abduction. Newell objected to the enhancement, but the trial court found that Newell had abducted the tellers by forcing them to move into and within the banks. The court sentenced Newell to two concurrent 97-month terms of imprisonment for Counts One and

---

* The government agreed not to "oppose a motion to dismiss the remaining count of the Indictment" if Newell pleaded guilty to the other three counts. J.A. 18; see also Fed. R. Crim. P. 11(c)(1)(A). The district court granted the government's motion to dismiss this count at Newell's sentencing. See J.A. 57, 60.

Three, and a consecutive 84-month term of imprisonment for Count Two.

## II.

### A.

In assessing whether a sentencing court properly applied the Guidelines, "we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

### B.

Newell makes two arguments on appeal. First, he argues that the district court erroneously determined that he forced an employee into each of the respective banks. Appellant's Br. at 7–8. Second, he claims that "forcing the employees to move around inside the bank branch does not satisfy the definition of abduction" in U.S.S.G. § 1B1.1 cmt. n.1(A). Appellant's Br. at 8. We reject Newell's first argument, so we find it unnecessary to consider his second argument.

The abduction enhancement applies "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(A). The Guidelines commentary defines "abducted" as when "a victim was forced to accompany an offender to a different location." Id. § 1B1.1 cmt. n.1(A). We apply a "flexible, case by case approach to

4

determining when movement 'to a different location' has occurred." United States v. Osborne, 514 F.3d 377, 390 (4th Cir. 2008).

Newell argues that the district court erroneously determined that he forced an employee into each of the banks. The trial court stated that "the robberies actually began outside the bank, and the tellers were forced into the bank." J.A. 27. This finding is not clearly erroneous because the facts recited in the PSR support the court's finding, and Newell presents no reason to believe that the PSR is unreliable. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (holding that district courts may adopt findings in a presentence report unless the defendant "make[s] a showing that the information in the presentence report is unreliable, and articulate[s] the reasons why the facts contained therein are untrue or inaccurate").

The PSR states that both tellers were outside their respective banks when the robberies began. During the first robbery, BV "went to the front door of the bank to enter the door" when Newell, holding a handgun, told her to "open up." J.A. 72. The second robbery began when Newell, "holding a pistol, . . . came up from behind [EB] and pushed her inside the bank." Id. Therefore, the trial court's conclusion that the robberies began outside the bank is not clearly erroneous.

5

The PSR also supports the conclusion that Newell forced the tellers inside the banks. As to the first robbery, the PSR indicates that the teller did not enter the bank until after Newell threatened her with a weapon. See id. As to the second robbery, the PSR states that Newell pushed the teller through the bank's back entrance. See id. Therefore, the trial court's conclusion that Newell forced the tellers inside the banks is not clearly erroneous. Accordingly, the district court did not err in concluding that Newell's actions constituted abduction within the meaning of U.S.S.G. § 2B3.1(b)(4)(A). See United States v. Davis, 48 F.3d 277, 278-79 (7th Cir. 1995) (applying the abduction enhancement where a bank teller was inserting her key into the bank's outside door when the defendant announced the robbery and forced her inside); cf. United States v. Whooten, 279 F.3d 58, 61 (1st Cir. 2002) (noting that "the abduction enhancement . . . applies whether the abduction is carried out by threat or by physical force").

## III.

For the foregoing reasons, we affirm Newell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

AFFIRMED