**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4460**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEROME HART,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Margaret B. Seymour, Senior District Judge.  (0:10-cr-01074-MBS-1)

Submitted:  February 26, 2020           Decided:  March 9, 2020

Before DIAZ, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Winston D. Holliday, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While Jerome Hart was on supervised release following his conviction and 78-month sentence for being a felon in possession of a firearm and ammunition, the probation officer issued a petition for warrant or summons alleging that Hart violated his supervised release terms by committing new criminal conduct. Hart did not contest the alleged violations and admitted that he had been convicted in South Carolina on various charges. The district court revoked Hart's supervision and sentenced him to 24 months of imprisonment to be followed by 1 year of supervised release. Hart challenges his sentence, contending that the district court erred in its application of the Sentencing Guidelines and should have adjusted his revocation sentence to account for the time he served on the state court charges that comprised his violations. We affirm.

In determining whether the district court properly applied the Guidelines, "we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006). In the context of supervised release revocation, the Guidelines provide that a revocation sentence "shall be ordered to be served consecutively to any other sentence of imprisonment that the defendant is serving." U.S. Sentencing Guidelines Manual (USSG) § 7B1.3(f), p.s. (2018). Hart argues, however, that because he was not serving a state sentence at the time of his revocation hearing—he had completed his sentence—this provision does not apply, and a consecutive sentence was in error. Rather, Hart argues that the court should have applied USSG § 5G1.3(b)(1), which directs the district court to adjust a term of imprisonment on the instant offense when a defendant is sentenced to a term of imprisonment for an offense that is relevant conduct

2

for the instant offense. Hart contends that, applying this Guideline, the court should have adjusted his revocation sentence to account for the 24 months he served on the state charges that formed the offense conduct for his supervised release violations.

Section 5G1.3(b) applies to an initial sentencing when relevant conduct is made part of the analysis in determining the Guidelines sentence for the offense. Guideline § 5G1.3(d), p.s., provides, however, that a sentence "may be imposed to run concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment to achieve reasonable punishment." This subsection "applies in cases in which the defendant was on federal . . . supervised release at the time of the . . . offense and has had such . . . supervised release revoked." USSG § 5G1.3 cmt. n.4(C). Section 5G1.3's commentary recommends "that the sentence for the . . . offense be imposed consecutively to the sentence imposed for the revocation." USSG § 5G1.3 cmt. n.4(A), (C). Similarly, USSG § 7B1.3(f), p.s., states that a "term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation."

The Chapter Seven policy statements are advisory. *United States v. Davis*, 53 F.3d 638, 640-41 & n.6 (4th Cir. 1995). And, district courts have the "discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). Here, the district court noted that Hart's violations "constitute very serious violations [of] his supervised release," and emphasized

3

the need for Hart "to serve his time on the state charge and also serve his time on the revocation."

Sentences for breaches of supervised release are meant to sanction the abuse of the court's trust inherent in those violations, and not to punish the underlying offense conduct. *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (explaining that sentence imposed upon revocation punishes the defendant for failing to abide by the conditions of the court-ordered supervision and is separate from the sentence imposed for the new criminal conduct that led to the revocation). Therefore, sentences for the violation of supervised release are intended to run consecutively to sentences imposed for the underlying conduct. *See* USSG § 7B1.3(f), p.s. Accordingly, we find no error in the district court's decision to decline to adjust Hart's revocation sentence to account for time served for the criminal conduct which formed the basis for the violation. *See United States v. Coombs*, 857 F.3d 439, 451 (1st Cir. 2017) (noting that where "conduct committed by a person while on supervised release transgresses the criminal law as well as the conditions of supervision, there is no legal impediment in sentencing the defendant both as a criminal and as a supervised release violator" and no legal impediment to imposing a consecutive sentence; otherwise, "a defendant would effectively escape meaningful punishment for violating his supervised release conditions").

We discern no abuse of discretion by the district court in imposing a 24-month term of imprisonment upon revocation of Hart's supervised release. We therefore conclude that Hart's sentence was not unreasonable, much less "plainly unreasonable." *See United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (providing standard); *United States v.*

4

*Crudup*, 461 F.3d 433, 437 (4th Cir 2006). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*